

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AL OTRO LADO, INC., et al.,<br><br>                              Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, President of the United States, in his official capacity, et al.,<br><br>                              Defendants. | Case No.:  3:25-cv-01501-RBM-BLM<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO PROCEED PSEUDONYMOUSLY**<br><br>**[Doc. 34]** |

Plaintiffs Maria Doe, Jessica Doe, Fernando Doe, Ali Doe, Eduardo Doe, Jean Doe, Rous Doe, Diana Doe, Anahi Doe, and Dragon Doe (collectively, "Individual Plaintiffs"), have filed a Motion to Proceed Pseudonymously requesting that their identities be maintained confidentially in public filings. (Doc. 34.)  Individual Plaintiffs argue their identities should be protected because they are asylum seekers that have fled grave harm in their home countries and there is no prejudice to Defendants' ability to litigate this case in allowing the Individual Defendants to proceed pseudonymously.  (Doc. 34 at 8–13.)[1]

---

[1] The Court cites the CM/ECF electronic pagination.

3:25-cv-01501-RBM-BLM

Defendants have filed a brief Opposition to the Motion only raising concern with potential limitations Individual Plaintiffs seek to impose on "Defendants' access to, and use of, Plaintiffs' actual names." (Doc. 40 at 2.)  In Reply, Individual Plaintiffs assert that they "will disclose their identities to the government with the assurance from government counsel that their identities will not be disclosed publicly and used only to identify and preserve information regarding those Individual Plaintiffs for purposes of this case." (Doc. 42 at 5.)  The Court finds this matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1(d)(1).  The Individual Plaintiffs' Motion to Proceed Pseudonymously (Doc. 34) is **<u>GRANTED</u>** as set forth below.

## I.    DISCUSSION

"Plaintiffs' use of fictitious names runs afoul of the public's common law right of access to judicial proceedings … and [Federal Rule of Civil Procedure] 10(a)'s command that the title of every complaint 'include the names of all the parties.'" *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (quoting Rule 10(a)) (additional citations omitted).  However, a party's anonymity may be preserved "in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068.

### A.    Need for Anonymity

Individual Plaintiffs assert that they fear harm based on the disclosure of their identities because they "are asylum seekers who face significant physical threats, and in some cases, death." (Doc. 34-1 at 8 (citing *A.B.T. v. U.S. Citizenship and Immigr. Servs.*, No. 2:11-cv-02108, 2012 WL 2995064, at *3 (W.D. Wash. July 20, 2012) and *Int'l Refugee Assistance Project v. Trump*, No. TDC-17-cv-0361, 2017 WL 818255, at *2 (D. Md. Mar. 1, 2017).)  They also rely on asylum regulations confidentiality protections for asylum applicants and those regulations recognition of the retaliation asylum seekers may suffer if their identities are disclosed. (*Id.* at 9.)  Additionally, Individual Plaintiffs detail the severe harms that they reasonably fear and the ongoing risk they will face if their identities are

2

disclosed, particularly if they are ultimately forced to return to the countries where they fear persecution. (*Id.* at 10–12.) Individual Plaintiffs have established a need to proceed pseudonymously. *See Al Otro Lado, Inc. v. Nielsen*, Case No. 17-cv-02366-BAS-KSC, 2017 WL 6541446, at *6 (S.D. Cal. Dec. 20, 2017) ("Court is persuaded that the Individual Plaintiffs are particularly vulnerable, as asylum seekers, to the retaliation they fear if their names are revealed.").

**B.     Prejudice to Defendants and Public Interest**

Defendants' limited opposition to this Motion is based on a lack of clarity in what the Individual Plaintiffs plan to require of them to receive the true identities of the Individual Plaintiffs. (Doc. 40 at 2 (explaining that Individual Plaintiffs have indicated the Individual Plaintiffs' identifying information will only be disclosed "subject to certain confidentiality assurances.") (quoting Doc. 34-1 at 12).)  Individual Plaintiffs assert that granting their request to proceed pseudonymously "will not prejudice Defendants' ability to litigate the case" because "Individual Plaintiffs do not seek to withhold their identities from Defendants" and Defendants "will know the true identities of the Individual Plaintiffs." (*Id.* at 12 (citing *Al Otro Lado, Inc. v. Nielsen*, Case No. 17-cv-02366-BAS-KSC, 2017 WL 6541446, at *6 *E.A.R.R. v. U.S. Dep't of Homeland Sec.*, 20-CV-2146 TWR (BGS), 2021 WL 5177775, at *1 (S.D. Cal. Jan. 7, 2021)).)

Both of the cases relied on by Individual Plaintiffs for lack of prejudice to Defendants were cases in which the identities of the plaintiffs had already been disclosed to defendants, or the method of disclosure was already determined by agreement of all parties. *See E.A.R.R.*, 2021 WL 5177775, at *1 (finding disclosure of plaintiffs' identities to defendants through an addendum list that plaintiffs had already agreed to); *see also Nielsen*, 2017 WL 6541446, at *6 (finding no prejudice "because Defendants know the true identities of the Individual Plaintiffs"). Here, it does not appear Individual Plaintiffs' identities have been disclosed to Defendants and they do not appear to have agreed to a method for that information to be disclosed. (Doc. 34-1 at 12 ("The parties will exchange identifying information concerning the Individual Plaintiffs subject to certain

3

confidentiality assurances."); Doc. 42 at 5 ("Individual Plaintiffs will disclose their identities to [Defendants] with assurance from [Defendants'] counsel that their identities will not be disclosed publicly and used only to identify and preserve information regarding those Individual Plaintiffs for purposes of this case.").

Despite this distinction, given Individual Plaintiffs' assertions to this Court that their identities will be disclosed, the Court agrees there is minimal risk of prejudice to Defendants in allowing Individual Plaintiffs to proceed pseudonymously. *See E.A.R.R.*, 2021 WL 5177775, at *1 (finding disclosure of plaintiffs' identities "reduce[d], if not eliminate[d] any prejudice to Defendants since they will know Plaintiffs' names and any necessary information to respond to Plaintiffs' claims"); *see also Nielsen*, 2017 WL 6541446, at *6 (finding no prejudice "because Defendants know the true identities of the Individual Plaintiffs").[2]

The Court also finds that the public interest does not require Individual Plaintiffs' identities be disclosed. *Id.* ("the court must decide whether the public's interest in the case would be best served by requiring that litigants reveal their identities.) (citing *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981)). Given the nature of the claims in this case, allowing the Individual Plaintiffs to proceed pseudonymously does not "obstruct public scrutiny of the important issues in this case." *Nielsen*, 2017 WL 6541446, at *8 ("The identity of the Individual Plaintiffs is irrelevant to the legal merits" of "claims of a systematic, illegal practice by CPB of denying certain asylum seekers access to the U.S. asylum system."). "Party anonymity does not obstruct the public's view of the issues

---

[2] If their identities are not disclosed expeditiously on terms agreeable to all parties, Defendants may file a motion to request to Court revisit whether Individual Plaintiffs should be permitted to continue proceeding pseudonymously. *See Advanced Textile Corp.*, 214 F.3d at 1068 ("The court must also determine the precise prejudice at each stage of the proceedings to the opposing party, *and whether proceedings may be structured so as to mitigate that prejudice*.") (citing *James v. Jacobson*, 6 F.3d 233, 240–41 (4th Cir. 1993)) (emphasis added).

3:25-cv-01501-RBM-BLM

joined or the court's performance in resolving them." *Stegall*, 653 F.2d at 185.

Here, the Individual Plaintiffs' "need for anonymity outweighs prejudice to the [Defendants] and the public's interest in knowing the party's identity." *Advanced Textile Corp.*, 214 F.3d at 1068.

## II.   CONCLUSION

The Motion to Proceed Pseudonymously (Doc. 34) is **GRANTED**. Plaintiffs may proceed anonymously in this matter using pseudonyms. The parties shall not publicly disclose the Individual Plaintiffs' names or any personally identifying information in any public filings in this case.

**IT IS SO ORDERED.**

Dated:  March 25, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

3:25-cv-01501-RBM-BLM